■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD BANGERT, Appellant.— Judgment of the County Court, Suffolk County, rendered October 21, 1966, affirmed. No opinion. Beldock, P. J., Brennan, Hopkins and Munder, JJ., concur; Christ, J., dissents and votes to reverse the judgment and remit the case to the County Court for further proceedings, with the following memorandum: Appellant's sole contention is that the sentence of one year in the Suffolk County Jail is excessive. He pleaded guilty on April 24, 1963. About a month later he was committed to Creedmoor State Hospital on an unrelated incident. The diagnosis was schizophrenic, paranoid type. Three months later he escaped from Creedmoor and remained at large until April, 1965 when he was apprehended and returned to Creedmoor. He was released as " improved" in June, 1965 but nothing was done about the pending sentence until January, 1966 when appellant appeared before the Criminal Court in Queens County on another charge. He was subsequently returned to the Suffolk County Jail and held there until February, 1966 when he was released on bail. He appeared for sentencing on October 21, 1966 and sentence of one year in the County Jail was imposed. In my opinion, the presentence report which was before the sentencing court is shot through with evidence that appellant may have been insane at the time he pleaded guilty in this case and may not be competent at the present time. The crime of which he stands convicted was a senseless thing. He was arrested coming out the window of a house, carrying three cans of beer and either a dress or a sweater belonging to the homeowner's daughter, a girl he had taken out once or twice. The record shows prior complaints against him by two other women and a complaint by one of those women nine months after his release from Creedmoor as " improved". The presentence report itself contains a statement that analysis of the information received must lead to the conclusion that appellant has been mentally ill for a great deal of the time since he pleaded guilty in this case. There is more, but in my opinion the foregoing is sufficient to establish that the sentencing court, in the exercise of a sound discretion, should have made some inquiry into appellant's mental condition as of the time he pleaded guilty and at the time of sentencing (Code Crim. Pro., § 658 et seq.; cf. People v. Brown, 13 N Y 2d 201, 204; People v. Sprague, 11 N Y 2d 951; People v. Boundy, 10 N Y 2d 518; People v. Gomez, 28 A D 2d 737; People v. Blando, 23 A D 2d 761; People v. Langfeld, 21 A D 2d 267). In addition, the failure of counsel to mention appellant's mental condition in addressing the sentencing court and the complete inconsistency between counsel's narration of the manner in which appellant was apprehended and that contained in the presentence report should have caused the court to pursue the matter and, in a general way at least, bring the pertinent portions of the presentence report to counsel's attention (People v. Peace, 18 N Y 2d 230, 237). I would remit this matter to the sentencing court for examination into

appellant's prior and present mental condition. If such examination indicates that appellant was competent at the time of plea and is now competent, nothing would have been lost but a little time. That is a small price to pay in avoidance of the strong possibility that appellant was insane at the time he pleaded guilty and may not be competent now.